IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACQUELINE RISICA, PPA<br>J. R.,<br>    Plaintiff, | :<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:02-CV-449 (DJS) |
| V. | : | |
| SUSAN DUMAS,<br>LISA M. TONNESSEN,<br>MS. JOAN V. WOODWORTH,<br>MS. BARBARA SCHRODER, | :<br>:<br>:<br>: | FEBRUARY 6, 2004 |

## MOTION TO WITHDRAW

Pursuant to Local Rule 7(e) and Rule 1.16(b)(5) of the Rules of Professional Conduct, the law firm of Halloran & Sage LLP and the four undersigned attorneys from the firm (the "movants") hereby move to withdraw their appearances as counsel to the co-defendant, Lisa M. Tonnessen, Ph.D ("Dr. Tonnessen"). In support of their motion, the movants submit the affidavit of John B. Farley. Attorney Farley's affidavit is attached hereto as Exhibit A. Contemporaneously with the filing of this motion, the movants have filed a motion requesting that the proceedings be stayed pending a ruling on the motion to withdraw and for the entry of a new scheduling order. Copies of the two motions are being mailed to Dr. Tonnessen at her home address via certified mail. For the reasons stated below, the court should grant the motion to withdraw.

13127.0001/dc

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## BACKGROUND

As the court is aware from previous filings, Dr. Tonnessen's insurance carrier, The Reciprocal Alliance ("TRA"), went into receivership on or about January 31, 2003 and was liquidated on or about July 31, 2003. (Docket Entry Nos. 73-74; Farley Aff. ¶ 3) TRA had previously retained Halloran & Sage to represent Dr. Tonnessen in this case. (Farley Aff. ¶ 3) Since the time when TRA went into receivership, Halloran & Sage and the undersigned attorneys have continued to represent Dr. Tonnessen. (Id. ¶ 4) The firm has not received any payment for its representation of Dr. Tonnessen since before TRA went into receivership. (Id. ¶ 4) By the continued representation of Dr. Tonnessen, the firm has incurred significant fees for which it may never be paid. (Id. ¶ 4) Those outstanding fees represent an unreasonable financial burden on the firm and the four undersigned attorneys. (Id. ¶ 4)

On January 29, 2004, Dr. Tonnessen informed the firm that she is unable to pay its fees going forward. (Farley Aff. ¶ 5) The tasks remaining in this case include: the completion of discovery, dispositive motion practice, the preparation of a trial memorandum, preparation for trial, and the conducting of a jury trial. (Id. ¶ 6) Thus, the movants are facing a significant and unreasonable financial burden if they are forced to continue to represent Dr. Tonnessen. (Id. ¶ 6)

To the extent the court wishes more detailed background information in support of the motion to withdraw, the movants request leave to file a supplemental affidavit.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

They would also request leave to file such an affidavit ex parte and under seal. (Id. ¶ 7) A copy would be mailed to Dr. Tonnessen but not to counsel for the other parties. (Id.) If Dr. Tonnessen chooses to file a written response to this motion, the court should allow her to do so under seal and to serve a copy only on the movants. (Id.) Moreover, if the court chooses to conduct a hearing on the motion to withdraw, the movants request that such a hearing be held in camera and involve only the movants and Dr. Tonnessen. (Id.) Any transcript of such a hearing should be under seal and not available to the public or the other parties. (Id.)

## GROUNDS FOR GRANTING THE MOTION

Local Rule 7(e) provides in relevant part that a withdrawal may be granted "where good cause exists." Rule 1.16(b)(5) of the Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if "[t]he representation will result in an unreasonable financial burden on the lawyer...." It is "well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw...." Fischer v. Biman Bangladesh Airlines, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) (citing cases). See Papier v. Wurms, 2003 WL 21650137, at *1 (S.D.N.Y. July 14, 2003)(non-payment constitutes "good cause" for withdrawal); Eberhard Investment Assocs., Inc. v. Santino, 2003 WL 1965710, at *1 (S.D.N.Y. Apr. 25, 2003)(non-payment "is a proper ground for seeking withdrawal")(Copies attached collectively as Exhibit B).

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In the instant case, good cause exists for granting the motion to withdraw because the continued representation of Dr. Tonnessen by the movants will result in an unreasonable financial burden. Specifically, Dr. Tonnessen has advised the firm that she is unable to pay for its representation of her. As noted above, it is doubtful that the firm will ever be paid for the significant fees already incurred. If forced to continue to represent Dr. Tonnessen, the movants will further suffer an unreasonable financial burden by having to incur additional and significant fees with no likelihood of payment.

Accordingly, good cause exists for allowing the undersigned attorneys to withdraw and for discharging them and Halloran & Sage of all further representation of Dr. Tonnessen. Given the posture of the case, the withdrawal can be accomplished without undue prejudice to Dr. Tonnessen or the other parties. (Farley Aff. ¶ 8) Specifically, under the current scheduling order, discovery is not due to close until May 17, 2004. (Id.) Dispositive motions are due on June 17, 2004 and if no motions are filed, the case is not to be trial ready until August 2004. (Id.) Thus, with a reasonable stay period and a reasonable extension of the scheduling order, Dr. Tonnessen can retain new counsel, apply for the appointment of pro bono counsel and/or file a pro se appearance. (Id.)

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## RELIEF REQUESTED

Based on the foregoing, the movants request that the court:

1. grant their motion, order that their appearances on behalf of Dr. Tonnessen be withdrawn and discharge them and their firm from any further representation of Dr. Tonnessen;

2. expressly authorize the undersigned attorneys and their firm to turn over copies of the pleadings filed under seal and the deposition transcript and documents (including school, medical and mental health records) received during discovery to either Dr. Tonnessen's new counsel or to her directly if she files a pro se appearance; and

3. allow Dr. Tonnessen thirty (30) days to have new counsel file an appearance on her behalf, apply for the appointment of pro bono counsel and/or to file a pro se appearance.

As noted above, the movants have also filed a motion requesting that this case be stayed pending a ruling on the motion to withdraw and that a new scheduling order be entered after the court rules on the motion. If the motion to withdraw is granted, a stay should continue for thirty (30) days within which time Dr. Tonnessen should have an opportunity to have new counsel appear for her, apply for a pro bono appointment and/or file a pro se appearance.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**WHEREFORE**, good cause having been shown, the movants request that the court grant their motion to withdraw and enter an order including the relief requested.

Respectfully submitted,

**THE MOVANTS**

_____
John B. Farley
CT Fed. Bar No. 02239
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006

_____
James V. Somers
CT Fed. Bar No. 14525
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006

_____
Ralph W. Johnson, III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006

_____
Regen O'Malley
CT Fed. Bar No. 25174
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

EXHIBIT B

1997 WL 411446             Page 1
(Cite as: 1997 WL 411446 (S.D.N.Y.))

C
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

ANNA R. FISCHER & NIR GUREL, Plaintiffs,
v.
BIMAN BANGLADESH AIRLINES & GREEN LIGHT TRAVEL, INC., Defendants.

**No. 96 CIV. 3120 SHS AJP.**

July 18, 1997.

Iris C. Wolinsky, Mumtaz H. Alvi, Graham J. Dickson, Judge Sidney H. Stein.

*OPINION AND ORDER*

PECK, United States Magistrate Judge.

*1 By motion dated June 25, 1997, counsel for defendant Green Light Travel Inc. seeks to be relieved as counsel for Green Light. Counsel's motion states that he has not been able to contact his client since on or about October 2, 1996, and that it appears that Green Light has gone out of business. (Dickson Aff. ¶¶ 6-8.) Green Light's counsel states that counsel "cannot continue to represent a moribund corporation whose owner will not communicate with us and particularly as a small firm, cannot afford to do so without compensation." (*Id.* ¶ 10.) For the reasons set forth below, Green Light's counsel's motion to withdraw is granted.

*ANALYSIS*

As this Court has previously ruled:
> It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw, especially when the motion is not opposed. *E.g., Allstate Insurance Co. v. Administratia Asigurarilor de Stat,* 86 Civ. 2365, 1993 WL 119708 at *2-3 (S.D.N.Y. April 15, 1993) (Edelstein, J.); *McGuire v. Wilson,* 735 F.Supp. 83, 84-85 (S.D.N.Y.1990) (Sweet, J.); *Farr Man Coffee, Inc. v. M/S Bernhard,* 87 Civ. 1267, 1989 WL 31529 at *1 (S.D.N.Y. March 28, 1989) (Griesa, J.); *Boyle v. Revici,* 83 Civ. 8997, 1987 WL 28707 at *1 (S.D.N.Y. Dec.16, 1987)

(Lowe, J.).

> *Seisay v. Compagnie Nationale Air France,* 95 Civ. 7660, 1996 WL 38844 at *1 (S.D.N.Y. Feb.1, 1996) (Peck, M.J.). *See also, e.g., Emile v. Browner,* 95 Civ. 3836, 1996 WL 724715 at *1 (S.D.N.Y. Dec.17, 1996) ("When a client fails to pay legal fees, [or] fails to communicate or cooperate with the attorney, ... these are more than sufficient reasons for counsel to be relieved."); *Cosgrove v. Federal Home Loan Bank,* 90 Civ. 6455 & 92 Civ. 4225, 1995 WL 600565 at *2 (S.D.N.Y. Oct.12, 1995) (Peck, M.J.) (and cases cited therein); *Golden v. Guaranty Acceptance Capital Corp.,* 91 Civ. 2994, 1993 WL 88191 at *1 (S.D.N.Y. March 25, 1993); *Fasolino Foods Co. v. Banca Nazionale Del Lavoro,* 90 Civ. 334, 1991 WL 146313 at *1 (S.D.N.Y. July 19, 1991); *Beshansky v. First Nat'l Ent. Corp.,* 140 F.R.D. 272, 274 (S.D.N.Y.1990), & 88 Civ. 8200, 1991 WL 64205 at *1 (S.D.N.Y. April 15, 1991).

The courts also have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal. *See, e.g., Emile v. Browner,* 1996 WL 724715 at *1; *Oscar de la Renta Ltd. v. Strelitz Ltd.,* 92 Civ. 3907, 1993 WL 205150 at *1 (S.D.N.Y. June 7, 1993) ("Counsel may withdraw if his or her client fails to pay legal fees or if the client fails to communicate or cooperate with their attorney."); *Kohler Co. v. Weiss,* 90 Civ. 3188, 1991 WL 196224 at *1 (S.D.N.Y. Sept.25, 1991) (counsel allowed to withdraw where "defendant has refused to respond to any of his communications" and failed to pay counsel); *TSC Leasing Corp. v. M.I.A. Distributors, Inc.,* 88-CV-2865, 1989 WL 58425 at *2 (E.D.N.Y. May 24, 1989) (counsel allowed to withdraw where client failed to communicate with counsel); *Digital Data Corp. v. Master Copy Prods., Inc.,* 87 Civ. 5589, 1988 WL 142471 at *4 (S.D.N.Y. Dec.27, 1988); *Cruickshank & Co. v. Dutchess Shipping Co.,* 112 F.R.D. 4, 8 (S.D.N.Y.), *aff'd,* 805 F.2d 465 (2d Cir.1986); *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Indus., Inc.,* 110 F.R.D. 395, 397 (S.D.N.Y.1986) (defendant's counsel allowed to withdraw after counsel's client "failed to answer [counsel's] telephone calls and letters regarding the conduct of the litigation in general"); 1 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 4.06 at 4-9 (1996) ("Appropriate grounds [for

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1997 WL 411446
(Cite as: 1997 WL 411446 (S.D.N.Y.))

Page 2

withdrawal] include non-payment of legal fees, [or] the failure by the client to communicate or cooperate with the attorney....").

*2 Green Light was served with its counsel's motion but has not responded. Plaintiff was given until July 11, 1997 to respond to the motion and also has not responded.

Accordingly, since Green Light is not paying counsel fees and is not communicating with counsel, and no party has opposed Green Light's counsel's motion to withdraw, counsel's motion is granted.

Green Light's counsel is required to serve a copy of this Opinion and Order on Green Light at all known addresses (including service through the Secretary of State's Office), and to file an affidavit describing such service, by July 30, 1997.

Green Light is to appear by new counsel by August 15, 1997; if it does not do so, plaintiff may move for default. See, e.g., *Golden v. Guaranty Acceptance Capital Corp.*, 1993 WL 88191 at *2; *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550 at *2 (S.D.N.Y. Sept.29, 1992); *Kolacek v. Gemexco Trading, Inc.*, 90 Civ. 5760, 1992 WL 14991 at *1 (S.D.N.Y. Jan.23, 1992); 1 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 4.06 at 4-10.

SO ORDERED.

1997 WL 411446, 1997 WL 411446 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 21650137 (S.D.N.Y.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

Shalom PAPIR and S. Papir Diamonds Ltd.,
Plaintiffs,
v.
Marcel R. WURMS, Defendant.

**No. 02 Civ. 3273RCCHBP.**

July 14, 2003.

Law firm moved to withdraw as counsel for defendant in insurance matter. The District Court, Pitman, United States Magistrate Judge, held that fact that communications between defendant and law firm had broken down, and that law firm was not being paid for its services, constituted good cause for permitting law firm to withdraw as counsel for defendant.

Motion granted.

**Attorney and Client** ⇐76(1)

45k76(1) Most Cited Cases

Fact that communications between defendant and law firm which was representing defendant in insurance matter had broken down, and that law firm was not being paid for its services, constituted good cause for permitting law firm to withdraw as counsel for defendant.

*MEMORANDUM OPINION AND ORDER*

PITMAN, Magistrate J.

*1 The motion of Newman, Fitch, Altheim, Myers, P.C. ("Newman Fitch") to withdraw as counsel for defendant is granted. There is uncontradicted evidence in the record that communications between Newman Fitch and defendant Wurms have broken down and that Newman Fitch is not being paid. Both of these grounds constitute good cause for permitting Newman Fitch to withdraw. *Fischer v. Biman Bangladesh Airlines,* 96 Civ. 3120(SHS)

(AGP), 1997 WL 411446 at * 1 (S.D.N.Y. July 18, 1997) (collecting authorities). Indeed, defendant himself offers no opposition to Newman Fitch's evidence that communications between the two have broken down completely.

Since Wurms, the insured in this matter, offers no opposition to the motion to withdraw, and Wurms' insurer is in insolvency proceedings, I find that there is no reason to conclude that Newman Fitch is endeavoring to use a motion to withdraw as a back-door method to test insurance coverage. Thus, I find this case to be distinguishable from the authorities cited by plaintiffs in their opposition to Newman Fitch's motion.

Accordingly, Newman Fitch's motion to withdraw as counsel for defendant is granted. The schedule currently in place will not be altered as a result of this decision.

2003 WL 21650137 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
(Cite as: 2003 WL 1965710 (S.D.N.Y.))

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court,  
S.D. New York.

EBERHARD INVESTMENT ASSOCIATES, INC., Plaintiff,  
v.  
Nick SANTINO, individually, and d/b/a P E Services, Defendant.

No. 01 Civ. 3840(LMM).

April 25, 2003.

Investment firm sued computer consultant for violation of Computer Fraud and Abuse Act. Consultant counterclaimed for, inter alia, copyright infringement. On various motions following court's dismissal of counterclaims, 2003 WL 941402, the District Court, McKenna, J., held that: (1) reconsideration was not warranted, and (2) plaintiff's counsel would be allowed to withdraw.

Ordered accordingly.

**Attorney and Client** ⇐76(1)

45k76(1) Most Cited Cases

Plaintiffs' failure to pay for legal services was proper ground for counsel's withdrawal, in suit alleging violation of Computer Fraud and Abuse Act. 18 U.S.C.A. § 1030 et seq.

*MEMORANDUM AND ORDER*

MCKENNA, J.

*1 In this Memorandum and Order the Court disposes of several pending matters.

1.

Defendant's March 7, 2003 letter motion for reconsideration of the Court's Memorandum and Order of March 6, 2003, *Eberhard Inv. Assocs., Inc. v. Santino*, No. 01 Civ. 3840, 2003 WL 941402 (S.D.N.Y. Mar.6, 2003), is denied. The selections from the deposition testimony of Ms. Goon and Mr. Zisselman are not only belatedly submitted, but are not conclusive.

2.

The March 27, 2003 motion of Orrick, Herrington & Sutcliffe LLP ("Orrick") for leave to withdraw as counsel for plaintiff and third-party defendants Park South Securities LLC ("Park South") and Todd Eberhard is granted, on conditions.

Those parties' failure to pay for legal services is a proper ground for seeking withdrawal. Plaintiff and Mr. Eberhard have consented to Orrick's withdrawal, and Park South's Trustee, Irving H. Picard, Esq., appointed on February 10, 2000 by Judge Berman in *Securities and Exchange Commission v. Todd M. Eberhard, et al.,* S.D.N.Y. 03 Civ. 813(RAB), has advised Orrick that Orrick no longer represents Park South. (McQuade Decl., Mar. 27, 2003, ¶ 2.) [FN1] The Court notes that Judge Berman, in an order in the same case dated February 13, 2003, has appointed Aaron R. Marcu as Receiver for plaintiff.

> FN1. Judge Berman's February 10, 2003 order notes that the automatic stay provisions of 11 U.S.C. § 362(a) are in effect with respect to Park South.

The Court must bear in mind that corporations, such as plaintiff and Park South, may not appear other than through counsel. *Rowland v. California Men's Colony,* 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Mr. Eberhard, although he may retain new counsel, may, if he elects to do so, appear *pro se.*

Orrick's motion to be relieved as counsel for plaintiff, Park South and Mr. Eberhard is granted, effective May 16, 2003, provided that Orrick shall, forthwith upon receipt of a copy of this Memorandum and Order, transmit copies thereof by fax (or, if fax is unavailable, by overnight mail) to Mr. Marcu's counsel as Receiver for plaintiff, to Mr. Picard's counsel as Trustee for Park South [FN2] and to Mr. Eberhard, so that they may take such actions as they deem appropriate. The Court has not been made aware of any stay of proceedings

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
**(Cite as: 2003 WL 1965710 (S.D.N.Y.))**

Page 2

as to plaintiff, so that, should plaintiff not appear by counsel by May 16, 2003, a default judgment may be entered against it.

> FN2. According to Judge Berman's February 10, 2003 order, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. are counsel to Mr. Picard. The Court has ascertained that Alan Vinegrad, Esq., of the New York office of Covington & Burling, is counsel to Mr. Marcu.

It is a further condition of the grant of Orrick's motion for leave to withdraw that Orrick make all documents relating to this case (or copies thereof) available to counsel for Mr. Picard, Mr. Marcu and Mr. Eberhard (or, should the latter not retain counsel, to Mr. Eberhard personally) so that resolution of the case will not be delayed.

3.

The April 22, 2003 letter motion of counsel for David Tan and Chips Computer Consulting for an extension of time to respond to the counter/cross-claims of defendant and defendant's motion for a default judgment against them is granted to the extent that they may have until May 13, 2003 to respond both to the counter/cross-claims and such motion.

SO ORDERED.

2003 WL 1965710 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

## CERTIFICATION

This is to certify that on this 6th day of February, 2004, a copy of the foregoing was caused to be mailed, first class, postage prepaid, to:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Thomas R. Gerarde, Esq.
Melinda A. Powell, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Geoffrey Naab, Esq.
LaBelle, LaBelle, Naab & Horvath, P.C.
295 East Center Street
Manchester, CT 06040

Lisa M. Tonnessen
c/o Her Home Address
via Certified Mail
(7003 2260 0005 5636 5479)

_____
John B. Farley

511151.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105