UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN RISICA | : | |
| | : | |
| VS. | : | NO. 3:02CV449(DJS) |
| | : | |
| JOAN V. WOODWORTH and | : | |
| BARBARA SCHRODER | : | JANUARY 16, 2007 |

**JOINT TRIAL MEMORANDUM- PLAINTIFF**


1.    **TRIAL COUNSEL**:

      **For the Plaintiff:**

            John R. Williams
            Katrena Engstrom
            Joseph Merly
            Rob A. Serafinowicz
            51 Elm Street
            New Haven, CT 06510
            (203)562-9931
            Fax: (203)776-9494
            jrw@johnrwilliams.com
            kengstrom@johnrwilliams.com
            jmerly@johnrwilliams.com
            rserafinowicz@johnrwilliams.com

      **For the Defendants:**

            Geoffrey Naab
            LaBelle Labelle & Naab
            295 East Center St.
            Manchester, CT 06040-5211
            (860)647-7000
            Fax: (860)645-0524
            gnaab@sbcglobal.net

2.    **JURISDICTION:**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.    **JURY/NON-JURY:**

This is a jury case.

4.    **TRIAL LENGTH:**

Three days of testimony anticipated.

5.    **FURTHER PROCEEDINGS:**

None presently anticipated.

6.    **NATURE OF CASE:**

**Plaintiff:**

Justin Risica was in seventh grade and had recently moved from Rhode Island to the Mystic, Connecticut area; he started at Mystic Middle School in the fall of 2000. He had great difficulty adjusting to the new school and was bullied by other students because of his artistic manner. He was not physically assaulted, but was repeatedly called "homo", " faggot" and other cutting epithets.

Jacqueline Risica, plaintiff's mother,  met with the principal twice

2

during the early fall in an attempt to obtain assistance from the administration and teachers to eliminate the bullying.  Teachers remained passive in the face of bullying and verbal taunts which even occurred during class in front of them.

In February, a janitor found a geography book which had been assigned to the plaintiff; on the inside cover was written "hit list" with one student's name beneath the quote.  He turned in the book to the Principal, Susan Dumas, who called the plaintiff to her office and had him wait in a room next to her office while she called his parents for a meeting.

While the Justin Risica was waiting, the defendants, who sat in the front room of the office area,  engaged in gossip about him and their concern that he was a threat to the school while other students were present.

Justin Risica was suspended from school from 2/26-3/13/01 (official cause of suspension was violation of §5114 of the Stonington Public Schools' policy which prohibits "blackmailing, harassing, threatening or intimidating school staff or another student"), and during that time, rumors circulated that the plaintiff had explicitly threatened to kill students and that he had to be removed from the school in a strait-jacket.

A Stonington police officer who investigated the plaintiff found no

probable cause to proceed with any criminal action against the plaintiff.

The plaintiff was required to finish the school year through an individual tutoring program off site of the school.  He never returned to the school and transferred to another Middle School for the 2001-2002 school year.

Justin Risica claims that the actions of the defendants invaded his privacy, were intentional and reckless and caused him severe emotional distress.

**Defendants:**

7.    **STIPULATIONS OF FACT AND LAW**

None.

8.    **PLAINTIFF'S CONTENTIONS**

A.        The defendants Woodworth and Schroder were employees of the Stonington Board of Education, working as staff members at the aforesaid Mystic Middle School, serving as staff to the Principal.  The

4

defendants Woodworth and Schroder are sued only in their individual capacities

B.      Defendants  Woodworth and Schroder were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

C.      Plaintiff Justin Risica was a seventh grade student at Mystic Middle School.

D.      Defendants maliciously discussed allegations concerning plaintiff's school conduct in front of other students, with the knowledge that their speculations would be spread throughout the school.

E.      As a consequence of the actions of the defendants, among other things, Justin never was able to return to the Mystic Middle School and was required to obtain his education in a public school located in another community; suffered injury to and loss of his educational career; suffered a loss of his liberty; and suffered severe emotional distress.

F.          In the manner described above, the defendants acted jointly and in concert with each other, under color and pretense of law, and in carrying out the aforesaid actions deprived Justin of his liberty and property rights without procedural due process of law and of his right to substantive due process of law, all in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

G.          The defendants further engaged in conduct which was extreme and outrageous, knowing that their conduct would likely cause Justin to suffer severe emotional distress, and they further engaged in conduct which violated Justin's right to privacy, all in violation of the common law of the State of Connecticut.

## 9.    DEFENDANTS' CONTENTIONS

10.   **LEGAL ISSUES**

A.   Whether either or both of the defendants invaded plaintiff's privacy rights under the Fourth and Fourteenth Amendments?

B.   Whether either or both of the defendants invaded the plaintiff's common law privacy rights under state law?

C. Whether either or both of the defendants denied the plaintiff procedural and substantive due process in violation of  the Fourteenth Amendment.

D.   Whether either or both of  the defendants intentionally inflicted emotional distress upon the plaintiff by their actions?

11.   **VOIR DIRE QUESTIONS**

1.   This is a lawsuit brought by a student at Mystic Middle School against two employees of the school.  The plaintiff contends that the defendants spread very damaging false rumors about him by gossiping at their desks in front of students.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe

that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of hazing or bullying?

5.   Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

6.  Do you know or have you read anything or heard anything about the plaintiff or any of the lawyers involved in the case?

7.   Has anyone here ever served as an appointed or elected official of a Board of Education?

8.   Has anyone here or anyone close to you ever been involved in any political campaigns or elections?  If so, please provide details.

9.  Has anyone here or any close to you ever been employed by an attorney?

10.   Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

11.  Does anyone here believe that allegations of invasion of privacy or intentional infliction of emotional distress should be treated less

seriously than other kinds of illegal activity?

12.  Does anyone here have any strong feelings about psychiatrists, psychologists or the mental health profession which would affect your ability to be impartial in deciding this case?

13. Does anyone here believe that the laws which prohibit discrimination on the basis of either real or perceived disability should be repealed or not enforced?

14.  Is there anyone here who would refuse to return a verdict in favor of the plaintiff even if he proved his case?

15.  Has anyone close to you ever been the victim of hazing or bullying?

**12.  LIST OF WITNESSES**

**Plaintiff:**

A.       Justin Risica**,** the plaintiff will testify concerning his claims of invasion of privacy and intentional infliction of emotional distress, among other things.  He will testify concerning damage to his reputation and emotional distress.

B.       Steve Simonson- Behavioral Health Associates, 55 Wilcox Rd., Stonington, CT,   psychologist, will testify about his Counseling sessions with the plaintiff at the time of the

9

incident and thereafter.

C.    Dr. Kenneth Selig, 257 New London Tpke., Glastonbury, CT, IME psychologist, will testify concerning his examination of the plaintiff.

D.    Barbara Schroder, defendant, will testify concerning her Knowledge of plaintiff's claims.

E.    Joan Woodworth, defendant, will testify concerning her knowledge of plaintiff's claims.

F.    Steve Risica, 47 Shore Road, Westerly, RI 02891, will testify concerning his observations of the conduct of the defendants in the lobby of the Principal's office at Mystic Middle School, and damage to his son.

G.    Jacqueline Risica, 65 Dennison Avenue, Mystic, CT 06355, mother of the plaintiff, will testify concerning her attempts to communicate with school officials and the damages her son has suffered as a result of the defendants' conduct.

H.    Cynthia Lenhan, Mystic, CT, will testify to the Indifference of school officials and numerous complaints concerning hazing and bullying taking place in Mystic Middle School during the 2000-2001 school year.

10

I.      Evelyn Bridges, Mystic Middle School, 204 Mistuxet Ave.,

        Mystic, CT, will testify concerning her knowledge of the

        Defendants' inappropriate conduct regarding the plaintiff.

J.      David Bettger, Mystic Middle School, address above,

        Guidance Counselor, will testify concerning his knowledge of

        actions of the defendants regarding the plaintiff.

K.      Susan Dumas, Mystic Middle School, address above,

        Principal, will testify concerning her knowledge of the actions

        of the defendants regarding the plaintiff.

**Defendants:**

13. **EXHIBITS**

   **Plaintiff:**

   A.     Copy of "Hit List" on inside of book cover

   **Defendants:**

14. **DEPOSITION TESTIMONY**

   None anticipated.

15. **JURY INSTRUCTIONS**

   **For the Plaintiff**

   1.  This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688.  Title IX prohibits  discrimination in a wide array of programs and activities undertaken by educational institutions.  The statute's enforcement machinery includes an implied private right of action.  Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX.  Such a violation is present when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the

educational experience. [Gebser v. Lago Vista Independend School
District., 524 U.S. 274, 283-84 (1998); Frazier v. Fairhaven School
Committee, 276 F.3d 52, 65 (1st Cir. 2002); Brown v. Hot, Sexy &
Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).]

2. The plaintiff also alleges that the defendants recklessly or
intentionally inflicted emotional distress upon him in violation of
Connecticut law. Under Connecticut law, when a person engages in
conduct which involves an unreasonable risk of causing emotional
distress to another and that emotional distress is of a kind which, if
caused, might adversely affect the plaintiff in a serious way, and the
plaintiff actually has suffered such emotional injury, then the plaintiff
is entitled to recover any damages which you determine are fair and
just to compensate for the emotional distress she has suffered. It is
not necessary for there to be any physical injury in order for the
plaintiff to recover. All that is necessary is that the conduct of the
defendant have been outrageous, that it have been undertaken under
such circumstances that a reasonable person would have known that
it was likely to cause emotional distress, and that severe emotional
distress actually has resulted. If you find these facts to have been
proven, then the defendant should be found liable to the plaintiff for

the reckless or intentional infliction of emotional distress under
Connecticut state law.  [Appleton v. Board of Education, 254 Conn.
205, 757 A.2d 1059 (2000); Buckam v. People Express, Inc., 205
Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup.
56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984);
Petyan v. Ellis, 200 Conn. 243 (1986).]

3.  If you find that the defendants are liable to the plaintiff on any of
the grounds advanced in this lawsuit, you should then consider the
question of damages.  Compensatory damages are designed to
compensate the plaintiff for injuries suffered by the plaintiff.  These
injuries include money actually spent or lost or debts incurred as a
result of the injury, as well as emotional anguish, impairment of
reputation, personal humiliation, and other suffering.  In fixing
compensatory damages you should determine the amount of money
which will, in your judgment, reasonably and fairly compensate the
plaintiff for any harm of any kind which was proximately caused by the
wrongful conduct of the defendant.  Among the elements of injury and
harm for which compensation may be awarded are:

a)  The physical harm to the plaintiff during and after the impairment
or injury received;

b)  The emotional harm to the plaintiff during and after the impairment

or injury received, including emotional distress or pain, humiliation,

personal indignity, embarrassment, fear, anxiety and/or anguish

which the plaintiff has suffered or may with reasonable certainty be

expected to suffer in the future;

c) Economic losses;

d)  Medical bills or expenses.


Actual loss is not limited to expenses or debts incurred.  Injuries of any

kind are to be fully and fairly compensated if they are proximately

caused by the constitutional violation. [Johnson v. Franklin, 112

Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App.

301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d

234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d

443 (1992).]

16. **ANTICIPATED EVIDENTIARY PROBLEMS**

None anticipated.

17. **ELECTION FOR TRIAL BY MAGISTRATE**

The parties agree to a trial by magistrate.

15

_____THE    PLAINTIFF
JUSTIN RISICA


_____/s/_____
Katrena Engstrom
Fed. Bar No. Ct09444
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
Email: kengstrom@johnrwilliams.com


_____THE DEFENDANTS


_____/s/_____
_____Geoffrey Naab, Esq.
Fed. Bar No. Ct
295 East Center Street
Manchester, CT 06040
(860)647-7000
(860) 645-0524
Gnaab@sbcglobal.net

16

CERTIFICATION OF SERVICE

I hereby certify that on the date set forth above, a copy of foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

_____/s/_____
 Katrena Engstrom
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
Email: kengstrom@johnrwilliams.com

17