UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUSTIN RISICA | : | CIVIL ACTION No. |
| | : | |
| Vs. | : | 3:02cv00449 (DJS) |
| | : | |
| SUSAN DUMAS | : | |
| LISA TONNESEN | : | |
| JOAN WOODWORTH | : | |
| BARBARA SCHRODER | : | JANUARY 16, 2007 |

**JOINT TRIAL MEMORANDUM (DEFENDANTS' SUBMISSION)**

**1.   TRIAL COUNSEL:**

**For the Plaintiff:**

John R. Williams
Katrena Engstrom
Joseph Merly
Rob A. Serafinowicz
51 Elm Street
New Haven, CT 06510
(203)562-9931
Fax: (203)776-9494
jrw@johnrwilliams.com
kengstrom@johnrwilliams.com
jmerly@johnrwilliams.com
rserafinowicz@johnrwilliams.com

**For the Defendants, Woodworth and Schroder:**

Geoffrey Naab
LaBelle Labelle & Naab
295 East Center St.
Manchester, CT 06040-5211
(860)647-7000
Fax: (860)645-0524
gnaab@sbcglobal.net

**2.     JURISDICTION:**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Section 1983 of Title 42 of the United States Code.

**3.     JURY/NON-JURY:**

This is a jury case.

**4.     NATURE OF CASE:**

This is a civil rights case brought under 42 U.S.C., § 1983, with pendent state claims.

**5.     STIPULATIONS OF FACT AND LAW**

Defendants offer to stipulate to the following facts:

a. Plaintiff, Justin Risica, was a student in the seventh grade at Mystic Middle School, Stonington, Connecticut, in school year 2000-2001.

b. Susan Dumas was Principal of the school.

c. Joan Woodworth and Barbara Schroder were secretaries in the school office.

d. On or about February 26, 2001, Principal Dumas suspended the plaintiff from school.

**6.     PLAINTIFF'S CONTENTIONS**

See Plaintiff's submission.

**7.     DEFENDANTS' CONTENTIONS**

A.  Defendants deny that they violated any federally-protected right or any other right of the Plaintiff.  More specifically, they deny:

(1) That they acted under color of state law.

(2) That they "gossiped" about the plaintiff.

(3) That they acted wantonly, maliciously, or recklessly.

(4) That they did anything with the intention of harming the plaintiff in any way or of depriving him of any right.

B.  Defendants deny that the Plaintiff was harmed in any way by anything they did or failed to do.

C.  Defendants assert qualified immunity.

**8.     LEGAL ISSUES**

**Issues stated by the plaintiff**

A.   Whether either or both of the defendants invaded plaintiff's privacy rights under the Fourth and Fourteenth Amendments?

B.   Whether either or both of the defendants invaded the plaintiff's common law privacy rights under state law?

C.  Whether either or both of the defendants denied the plaintiff procedural and substantive due process in violation of  the Fourteenth Amendment.

D.  Whether either or both of  the defendants intentionally inflicted emotional distress upon the plaintiff by their actions?

**Additional issues stated by the defendant**

A. Whether any of the defendants' actions constituted state action.

E. Whether the defendants are entitled to qualified immunity.

9. **VOIR DIRE QUESTIONS**

**Plaintiff:** See Plaintiff's list

**Defendant:**

1. Have any of you served in the Armed Forces of the United States or another country? If so, please briefly describe your service.

2. Have any of you ever been involved in a law suit in any court? If so, please briefly describe the nature of the case and your role in it.

3. Does any of you believe that a seventh-grader of at least normal intelligence should **not** be held responsible for his own actions?

10. **LIST OF WITNESSES**

**Plaintiff:** See Plaintiff's list.

**Defendants:**

Joan Woodworth, Defendant, will testify to her recollection of the events of the day in February 2001 when the plaintiff was suspended from school, and that she did not, as alleged by the plaintiff, spread malicious rumors about him, gossip about him, or do anything to harm or distress him.

Barbara Schroder, Defendant, will testify to her recollection of the events of the day in February 2001 when the plaintiff was suspended from school, and

that she did not, as alleged by the plaintiff, spread malicious rumors about him, gossip about him, or do anything to harm or distress him.

Lisa Tonnesen, licensed family therapist, will testify to her contacts with the Plaintiff and his family, and their issues.

Judy Splittgerber, MSN, APRN, Chester, Connecticut, will testify to her contacts with the Plaintiff and his family, and their issues.

Susan Dumas, Principal of Mystic Middle School, will testify to her contacts with the Plaintiff and his family while he was a student in the school; to the role and the actions of the school secretaries, and to the events of February 26, 2001.

**11.** **EXHIBITS**

1. "Hit List" on book cover.
2. Dumas letter to plaintiff's parents dated February 26, 2001
3. Dumas letter to plaintiff's parents dated March 8, 2001
4. Copy drawn by Plaintiff of the "Hit List"
5. List of "Assholes" and "Rad Peepz"
6. Text message exchange between Shabby chic14 and Risica401
7. Plaintiff's Westerly school records
8. Plaintiff's Stonington school records
9. Plaintiff's North Stonington school records

**12.** **DEPOSITION TESTIMONY**

None anticipated.

**13.    REQUESTS FOR JURY INSTRUCTIONS**

    A.  **Federal civil rights claim.  General principle**.  The plaintiff claims that the defendants, Mrs. Woodworth and Mrs. Schroder, violated his due process rights, guaranteed by the fourteenth amendment to the United States Constitution.  To establish such a right, the plaintiff must prove that Mrs. Woodworth and/or Mrs. Schroder **intentionally** or **deliberately** caused Justin Risica to be deprived of his right to liberty or property.  In other words, he must prove that he was deprived of liberty, or property, or both; that these defendants were the proximate cause of his deprivation of liberty or property, and that they intended to deprive him of those rights.  *Daniels v. Williams*, 474 U.S. 327; *Parratt v. Taylor*, 451 U.S. 527, 548 (Powell., J., concurring).

    B.  **Color of state law.**  In order to find the defendants liable for violating the plaintiff's constitutional rights, you must find that they acted "under color of state law."  A public employee acts "under color of state law" when she abuses a power that she possesses by virtue of state law, and the abuse is made possible only because she is clothed with the authority of state law.  *West v. Atkins*, 487 U.S. 42, 49-50.

    C.  **Substantive Due Process.**  Plaintiff claims that the defendants violated his constitutional right to "substantive due process" by violating his right to privacy.  To establish this claim, the plaintiff must prove, first, that the defendants disclosed to the public matters that were private to him, that is, which the public had no business knowing;  and also that their alleged invasion of his

privacy was done intentionally, or with deliberate indifference to the consequences, conduct that goes well beyond negligence.  *Whalen v. Doe*, 429 U.S. 589, 600; *Collins v. Harker Heights*, 503 U.S. 115, 128.

    D.  **Procedural due process.**  Plaintiff also claims that the defendants violated his constitutional right to "procedural due process," which, in this case, is the right to a fair school suspension process.  I charge you that there is no evidence from which you can find any procedural due process violation by these defendants.

    E.  **Family Educational rights and Privacy Act (FERPA).**  Plaintiff claims that the defendants violated his rights under the federal Family Educational Rights and Privacy Act (often referred to as FERPA).  That Act imposes rules on school districts and their employees, but it does not make school district employees liable in a suit for damages such as this.  A violation of FERPA, even if you should find such a violation, is not a basis for a verdict against the defendants.  *Gonzaga University v. Doe*, 536 U.S. 273, 287.

    F.  **Qualified Immunity.**  Even if you should find that find that Mrs. Woodworth and Mrs. Schroder violated Justin Risica's constitutionally-protected civil rights in some manner, you must consider whether or not they are entitled to what we call "qualified immunity" from liability.  The United States Supreme Court has ruled that government workers "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818.

Only in exceptional cases will government employees not be entitled to ths "qualified immunity" when they are sued in their individual capacities, as Mrs. Woodworth and Ms. Schroder are being sued. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). "Unless their actions were so obviously wrong, in the light of pre-existing law, that only a plainly incompetent [government employee] or one who has knowingly violated the law would have done such a thing, the [employee] has immunity from suit." *Ibid.*

I charge you that in 2001, when Mrs. Woodworth and Mrs. Schroder allegedly violated Justin Risica's civil rights by allegedly talking about him in the presence of other students, the law had not been so developed as to make it obvious to all reasonable school secretaries that what they were alleged to have been doing violated federal law. *Ibid.*

G. **Privacy (common law).** The Courts of the State of Connecticut have recognized the right to sue for a violation of privacy rights. In this case, the plaintiff claims that Mrs. Woodworth and Mrs. Schroder violated his privacy by talking about him when one or more other persons could overhear what they were saying. It is for you to decide whether or not the defendants communicated the plaintiff's private affairs to persons who had no business hearing about them. If you find that they were doing so, then you must consider whether or not they communicated the information to the public. "A matter is made public by

communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." You must determine whether or not, on the facts as you find them, Mrs. Woodworth and Mrs. Schroder communicated private information about Justin Risica to the public at large.  *Pace v. Bristol Hospital*, 964 F.Supp. 628, 631, quoting 3 Restatement (2d) Torts, § 652D, comment a.

    H.  **Intentional infliction of emotional distress**.  The plaintiff has alleged that Mrs. Woodworth and Mrs. Schroder intentionally inflicted emotion distress upon him, in violation of Connecticut common law.  To establish this claim, the plaintiff must prove four elements:

    (1) That Mrs. Woodworth and/or Mrs. Schroder **intended** to inflict emotional distress on Justin, or that they **knew** that emotional distress was the likely result of their conduct;[1] and

    (2) That the conduct was extreme and outrageous; and

    (3) That their conduct was the cause of Justin's distress; and

    (4) That the emotional distress sustained by Justin, as a result of thier conduct, was severe.

*Appleton v. Board of Education of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059.  "Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society."  *Ibid.*  To find Mrs.

---

[1] The words, "or should have known," in this excerpt from *Appleman* are omitted, because the plaintiff has not pleaded negligent behavior in his complaint.  He has pleaded that the defendants acted "cruelly, maliciously, wantonly, and with conscious disregard of the consequences" (Complaint, paragraph 1).

Woodworth and Mrs. Schroder liable for this claim, you must find that their conduct was "so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ibid.* at pp. 110-111.

    I. **Proximate Cause.** Proximate cause is an essential element of every claim that the plaintiff is making in this case, both the federal constitutional claims and the state law claims for privacy violation and intentional infliction of emotional distress. It is not enough for Justin Risica to show that Mrs. Woodworth and/or Mrs. Schroder committed some act that violated some right of his. He must also show that he suffered damage, and that the damage he suffered was the direct and proximate result of what the defendants did. If the plaintiff suffered damages, but those damages were caused by his own actions, or by the actions of other students, or his teachers, or the principal, or his therapists, or his parents, or any other person, then he has not proved his case against the defendants. Mrs. Woodworth and Mrs. Schroder can be held responsible only for the damages, if any, that they, themselves caused. *Barnes v. Anderson,* 202 F.3d 150, 158 (2d Cir. 1999).

14. **ANTICIPATED EVIDENTIARY PROBLEMS:**

    None at this time.

15. **TRIAL TIME:**

    Four days of testimony anticipated.

16. **FURTHER PROCEEDINGS:**

None presently anticipated.

18. **ELECTION FOR TRIAL BY MAGISTRATE**

The parties agree to a trial by magistrate.

                DEFENDANTS, JOAN WOOODWORTH and
                BARBARA SCHRODER

         /s/ Geoffrey Naab
           By_____

Geoffrey Naab
Federal bar no. ct07446
295 East Center Street
Manchester CT 06040
(860) 647-7000
(860) 645-0524 (FAX)
gnaab@sbcglobal.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth above, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

  /s/ Geoffrey Naab
_____
  Geoffrey Naab